## Price v. Red Rose Transit Authority

*Harvey Miller,* for appellant.
*Weglarz, Tyron & Friedman,* for appellee.

MUELLER, *J.*, November 4, 1981—Appellant Robert Price was employed as a bus driver by appellee Red Rose Transit Authority (hereinafter RRTA.). Appellant Price was a member of the Amalagamated Transit Union (hereinafter ATU), Local Division No. 1241, the union representative for all bus drivers employed by RRTA.

The collective bargaining agreement between RRTA and ATU provides a procedure for settling grievances and disputes. Step 1 of the grievance procedure directs the RRTA Supervisor to make an initial decision in the matter and report the decision to the employe. Step 2 enables the employe to appeal an unfavorable decision to the Executive Director of RRTA who will then hold a Step 2 hearing. The grievance procedure provides that an appeal from a Step 2 hearing "may be initiated by the Union serving upon the Employer a notice in writing its intent to proceed to arbitration. . . ." (Record—Item 8, Article V of the collective bargaining agreement between RRTA and ATU entitled "Grievances and Arbitration").

On February 10, 1981, appellant Price was notified by RRTA Executive Director Reed Rodman that a hearing regarding farebox violations by Mr. Price had been scheduled under Step 1 of the grievance procedure outlined in the collective bargaining agreement. This hearing was held prior to any grievance filed by appellant Price and prior to any action being taken by appellee RRTA to discharge Price but was apparently in anticipation of such action and subsequent grievance. Conducting a Step 1 hearing gave appellant Price an opportunity to confront the evidence and witnesses against him before the decision to fire him was made. There is no contention that this was an unusual practice or that appellant Price was in any way prejudiced by being afforded an initial hearing. The Step 1 hear-

ing was held on February 12, 1981 and was conducted by Executive Director Reed Rodman, rather than the supervisor as provided for in the agreement. Mr. Rodman stated in the notice sent to appellant Price that: "Your hearing will be a Step 1 Hearing, although it will be conducted by the Executive Director. I am conducting the Hearing because I have been directly involved in this matter." (Record—Item 2, Notice of February 10, 1981 to Robert Price from Reed Rodman). At the hearing appellant Price was charged with five violations of RRTA farebox procedure and policy and was dismissed.

On February 20, 1981, a Step 2 hearing was held. This hearing was also conducted by Executive Director Reed Rodman who affirmed the decision to dismiss appellant Price.

Appellant Price's union, ATU, declined to pursue his grievance to arbitration.

Appellant Price filed an appeal under Local Agency Law, 2 Pa.C.S.A. §105. Appellee RRTA filed preliminary objections and a motion to dismiss. Three issues were raised: (1) whether the appeal to the court was timely filed; (2) whether the grievance procedure provided for in the collective bargaining agreement between RRTA and appellant's union is the sole remedy available to appellant and, if so, did this procedure violate appellant's right to due process of law under the United States Constitution; and (3) was the termination of appellant's employment an "adjudication" as defined under Administrative Law and Procedure, 2 Pa.C.S.A. §101.

The court's analysis of the second issue leads it to the conclusion that exclusive jurisdiction of this matter lies with the Pennsylvania Labor Relations

Board, and,therefore, the court does not find it necessary to discuss the other two issues.

RRTA contends that the grievance procedure in the collective bargaining agreement is the sole remedy available to appellant Price. Appellant argues that if this procedure is his sole remedy, then the collective bargaining agreement violated his right to due process of law as guaranteed by the United States Constitution. Appellants claim is based on the argument that prosecutorial and judicial functions were impermissibly co-mingled in a single individual, Executive Director Reed Rodman, who conducted both the Step 1 and Step 2 hearings. Appellant argues that in order to pass Constitutional muster the grievance procedure, as his sole remedy, must be at least as protective as the standards established by the Local Agency Law, which would not be the case if the judicial and prosecutorial functions were co-mingled. (Appellant's brief in opposition to appellee's preliminary objections, pp 3-8).

The court finds that appellant's argument is inapplicable to the facts of this case. The Executive Director, Reed Rodman, is an officer of the employer. He was not exercising any judicial function. Even if the supervisor, rather than the Executive Director, had conducted the Step 1 hearing, there would be no judicial function exercised at this stage in the proceeding as the supervisor is also an officer of the employer. It was never intended that the Step 1 and Step 2 hearings would be impartial proceedings. The collective bargaining agreement provides for an impartial proceeding to follow the Step 1 and Step 2 hearings. Upon request of the union, the grievance would be submitted to arbitration. The arbitrator exercises a judicial function and is

not in any way a prosecutor but is a neutral individual "selected by the parties jointly." (Record-Item 8, Article V of the collective bargaining agreement between RRTA and ATU entitled "Grievance and Arbitration").

Appellant Price's union representative waived arbitration. Appellant contends that due to this waiver he is denied the protection of the impartial proceeding. Apppellant's contention is true. However, his cause of action, if any, is against the union, not RRTA which has remained willing to abide by the provisions of the collective bargaining agreement and proceed to arbitration at the request of the union.

In the leading case of Vaca v. Sipes, 386 U.S. 171 (1967), the United States Supreme Court held that where the union has the sole power under the agreement to invoke the higher stages of the grievance procedure as is the case here, the discharged employe may seek judicial enforcement of his rights against an employer only if he has been prevented from exhausting his contract remedies by the union's wrongful refusal to process the grievance. The employe must prove wrongful refusal and breach of duty of fair representation against the union.

In Lomax v. Armstrong Cork Co., 433 F. 2d 1277 (5th Cir. 1970), the court held that the absence of an allegation of union breach of duty of fair representation to the discharged employe was fatal to the employe's claim against his former employer for wrongful discharge when the union declined to proceed to arbitration. The court further held that, although the union may not arbitrarily ignore a meritorious grievance, the employe does not have an absolute right to have a grievance taken to arbitration. The refusal of the union to take a grievance to arbitration does not per se amount to a breach of

63

duty of fair representation. Breach of duty against the union must be alleged and proven.

Appellant Price must proceed against the union and prove a breach of duty by the union towards him before an action against RRTA may be maintained. In the recent case of Veerasingham v. Sharp, ____ Pa. Commonwealth ____, 434 A. 2d 221 (1981), a public employe's union refused to take an employe's grievance to the final step of arbitration and, as in this case, prevented the employe from exhausting his proper remedy. The Commonwealth Court held that the question of whether the union's refusal to submit the grievance to arbitration was wrongful was a matter within the exclusive jurisdiction of the Pennsylvania Labor Relations Board.

The court determines that is has no jurisdiction in this matter and dismisses the appeal.

## ORDER

And now, November 4, 1981 the Local Agency Appeal filed by Robert Price from the decision of the Red Rose Transit Authority is dismissed.